UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 24-0650 (UNA) |
| ) | |
| ) | |
| THE JUDICIAL BRANCH ) | |
| OF U.S. GOVERNMENT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The Court will grant the application and dismiss the complaint and this civil action without prejudice.

Plaintiff suffers the misfortune of having been "anally raped more than 1000 times by State and local police officers, family members, firemen, teachers, coaches, and guardians in [his] 37 year lifetime." Compl. at 5. Plaintiff claims to have been "raped fatally," and revived with "medicine . . . taken from a 250 year old or older tree[.]" *Id*. He further alleges that, "[o]ver time, to recover from the anal rape, [he has] needed medicines for diabetes, heart disease, seizures, internal bleeding, obesity, the influenza, pneumonia, bronchitis, the common cold, and sexually transmitted diseases." *Id*. The complaint touches on other topics, such as the duties of the three branches of government, *see id*. at 4, a television show, *see id*. at 4-5, and plaintiff's prior lawsuits, *see id*. at 6-7, the relevance of which is unclear. As compensation for alleged violations of constitutionally protected rights and defendant's alleged negligence, plaintiff demands an award of $999,999,999,999,999.99. *Id*. at 12.

1

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  Consequently, a Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981).  The instant complaint satisfies this standard and, therefore, it will be dismissed without prejudice.

A separate order will issue.

　　　　　　　　　　　　　　　　　　　　　　　RANDOLPH D. MOSS
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

DATE: March 18, 2024